ALFREDO CAMPOS, Plaintiff and Appellee, v. GREAT AMERICAN INSURANCE COMPANY, Defendant and Appellant.

No. 3916.   Argued July 28, 1926.—Decided July 30, 1926.

*José Tous Soto* and *Rafael V. Pérez Marchand* for the appellant. *Rafael Martínez Nadal, Manuel A. Martínez Dávila* and *Leopoldo Tormes* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

It is admitted that the stenographer's notes of a trial were, in accordance with Acts No. 27 of 1917 and No. 81 of 1919, submitted for approbation to the judge who tried the case and were approved by him June 14, 1926. On July 15th the appellant filed a motion in this court for an extension of time to file the record. Hence, if the 30 days required by law for filing the transcript in this court are to be counted from the date of the approval of the stenographer's

notes the time had expired when the motion for extension was made and a motion for dismissal of the appeal would prevail.

The appellant showed that the transcript of the evidence, although approved by the former judge on June 14th in San Juan, did not reach the District Court of Ponce, where the trial was had, until June 16th and did not come to form part of the judgment roll until June 17th. The appellant apparently also argued that some action from the District Court of Ponce was necessary before the said notes became incorporated into the record. In this appellant is clearly mistaken.

At the hearing we had some doubts whether for the purposes of an appeal the stenographer's notes had any valid public existence until made to form part of the record. We have become convinced to the contrary. The law expressly requires that the transcript should be brought to this court within 30 days from the approval of the stenographer's notes. It says: "In case that a transcript of the evidence has been approved, the term shall be counted from and after the approval thereof, and the aforesaid declaration shall be limited to the delivery of the remaining part of the judgment roll."

No other time is fixed as, for example, in the case of ordinary judgments which only take effect from their actual record. Thirty days is ample time generally to prepare the transcript, even if the judge delays several days in filing the approved notes. If there were an undue delay by the judge we should use our extraordinary powers to aid an appellant. Thirty days is surely ample time in which to ask this court for extensions of time when extensions are really needed. The law is clear on the subject and hence the appeal must be dismissed.

Mr. Justice Hutchison took no part in the decision of this case.